## WILLIAM E. HAGEARTY
### vs.
## MILTON H. BURNS, ET AL.

Superior Court          Hartford County          File #53470

Present: Hon. EDWARD J. QUINLAN, Judge.

Woodruff, Klein & White,          Attorneys for the Plaintiff.

Edwin M. Ryan,          Attorney for the Defendant.

123 Conn. 372    MEMORANDUM FILED MARCH 25, 1937.

QUINLAN, J.   The question raised arises on a statement of claim by an attorney at law, in an action to quiet title. The defendant Ryans' claim is predicated upon an attorney's lien on receiver's certificates, for an unpaid bill for attorney's services rendered one Joseph DeMarco, Jr.   These certificates Nos. 10, 11 and 12, were decreed by the United States District Court for the District of Connecticut to constitute a first lien upon all the real estate, buildings, machinery, fixtures, and appurtenances referred to in plaintiff's complaint, and said priorities were further adjudicated on February 8, 1936, in the Superior Court for Hartford County in case No. 51,885. **Gault vs. Palmer, et al.** The defendant Ryan has possession of said certificates. The defendant Ryan filed a caveat on February 19, 1936 and the property was sold on February 24, 1936.

It is claimed public notice was given by virtue of the caveat under **Sec. 5016, General Statutes, Rev. of 1930.**

I would go far to sustain this lien and by referring to an apparent deficiency in the application of the statute to the facts I do not mean to lean entirely on the defect.

The Statute reads:

"RECORD OF DOCUMENTS AS NOTICE OF EQUITABLE RIGHTS.   An unacknowledged deed, and any instrument intended as a conveyance of land, but which by reason of a formal defect shall operate only as a conveyance of an equitable interest in such land, and any contract for the conveyance of land, or of any interest therein, and any instrument by which an equitable interest in land is created, in which such land is particularly described, may be recorded in the records of the town in which such land is situated; and such record shall be notice to all the world of the equitable interest thus created."

However, we have a situation where a client has been paid by the owner of the premises.   His motives in doing so were probably not lofty and an injustice has been done to a member of our bar.   I do not understand that the attorney's lien recognized in this state is anything more than a retaining lien. **2 R.C.L. Sec. 150.**   It cannot be positively enforced, but

hasn't the very essence of it been destroyed in the absence of an assignment or other agreement, by the payment of the attorney's client? I think so.

Mr. Ryan's lien cannot be more extensive than his client's and his client has been satisfied. A mere possessive right is all that he had and until the legislature actually defines an attorney's lien I cannot extend the meaning of the Rules at common law.

Judgment may be entered for the plaintiff.